**ORIGINAL**

cc: DKWI FIRM AT CONDITION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 18 2024

at 9 o'clock and 30 min. A M
Lucy H. Carrillo, Clerk LS

1 | Nicole Craig
2 | 1057 Cochrane Road
Suite 160-33
3 | Morgan Hill, California 95037
(408) 360-2884
4 | In Pro Per

PD Rscpt 2850

5 | IN THE UNITED STATES DISTRICT COURT
6 | FOR THE DISTRICT OF HAWAII

CV24 00126 DKW RT

8 | NICOLE CRAIG,

Case No. _____

9 |         Plaintiff,

10 | -against-

**COMPLAINT FOR VIOLATION OF 42 U.S.C. §3601; DECLARATORY AND INJUNCTIVE RELIEF; COMPENSATORY DAMAGES AND PUNITIVE DAMAGES**

11 | HAWAIIAN PARADISE PARK OWNERS ASSOCIATION, A Hawai'i Non-Profit Corporation; KARIN HOFFMAN, as an individual and Director; JEFFREY FINLEY, as an individual and Director; ALISSA HANSHEW, as an individual and Director; NAOMI HIRAYASU, as an individual and Director; JASON SCHILLEWAERT, as an individual and Director; DANIEL HARRIS, as an individual and Director; JON LOEHNDORF, as an individual and Director; PATRICIA EGAN, as an individual and Director; BRENDAN FREITAS, as an individual and Director; and DOES 1 to 10, inclusive,

DEMAND FOR JURY TRIAL

        Defendants.

Plaintiff Nicole Craig brings this action against the Defendants, named and unnamed, for their violation of Plaintiff's federal civil rights through their discrimination against Plaintiff based on her disability, in violation of Fair Housing Act (FHA), 42 U.S.C. §3601 *et seq*.

Plaintiff alleges as follows:

COMPLAINT                                                     1

## BACKGROUND

1. Hawaiian Paradise Park Owners Association (HPPOA), individual members of its Board of Directors (BOD), and DOES 1-10, discriminated, and continue to discriminate against Plaintiff, and other members similarly situated, through their practices of failing to provide reasonable accommodations for hard of hearing and deaf individuals during BOD activities and community events, including, but not limited to, monthly BOD meetings, triannual Membership Meetings, community activities and public events.  This has limited Plaintiff's ability to participate in such meetings and events.

2. Defendants' failure to reasonably accommodate Plaintiff, and members similarly situated, violates the federal Fair Housing Act 42 U.S.C. §3601 *et seq.* (FHA).

3. The FHA forbids discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of handicap." 42 U.S.C. §3604(f)(2).  Prohibited discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled person an] equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(B).

4. Defendants' have also failed to reasonably accommodate Plaintiff for her disability in **retaliation** for her filing a state civil lawsuit against HPPOA, JEFFREY FINLEY and KARIN HOFFMAN for declaratory relief, injunctive relief, and breach of fiduciary duty based on misappropriation of road maintenance funds, violation of a deed restriction, and improper resolution to become a planned community under HRS 421J.  This case survived a motion to dismiss and is ongoing in State Court.

COMPLAINT                                          2

5. Plaintiff has commenced this action seeking declaratory and injunctive relief, monetary damages, including compensatory and emotion distress damages, and punitive damages against the Defendants.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 because it is a case arising under the laws of the United States. Venue is proper in the District of Hawaii under 28 U.S.C. §1391€(1) because HPPOA has offices in, and individual defendants reside in, Kea'au, Hawai'i.

## PARTIES

6. Plaintiff Nicole Craig is trustee of the Revocable Living Trust of Nicole Craig which owns property within Hawaiian Paradise Park (HPP) where HPPOA is a road maintenance association/owners association. Plaintiff is a member in good standing of HPPOA. Plaintiff splits her time between her residence in HPP and California. Plaintiff's mailing address is: 1057 Cochrane Road, Suite 160-33, Morgan Hill, California 95037.

7. Defendant HPPOA is a non-profit Hawai'i corporation that is responsible for road maintenance in Hawaiian Paradise Park, with a principle place of business at 15-1570 Maku'u Drive, Kea'au, Hawai'i, Hawaii County.

8. All individual defendants below were members of the HPPOA Board of Directors during all discriminatory acts against Plaintiff.

9. Defendant KARIN HOFFMAN is a member of the HPPOA Board of Directors, and is currently the Board President. HOFFMAN resides at 15-1527 Beach Road, Kea'au, Hawai'i.

10. Defendant JEFFREY FINLEY is a member of the HPPOA Board of Directors, and is currently the Board Vice President. FINLEY resides at 15-2034 7TH Avenue, Kea'au, Hawai'i.

COMPLAINT 3

11. Defendant ALISSA HANSHEW is a member of the HPPOA Board of Directors, and is currently the Board Treasurer. HANSHEW resides at 15-1665 19th Avenue, Kea'au, Hawai'i.

12. Defendant PATRICIA EGAN is a member of the HPPOA Board of Directors, and is currently the Board Secretary. EGAN resides at 15-2048 13th Avenue, Kea'au, Hawai'i.

13. Defendant NAOMI HIRAYASU is a member of the HPPOA Board of Directors, and a licensed attorney in the State of Hawaii. HIRAYASU resides at 15-1921 18th Avenue, Kea'au, Hawai'i.

14. Defendant JASON SCHILLEWAERT is a member of the HPPOA Board of Directors. SCHILLEWAERT resides at 15-1398 20th Avenue, Kea'au, Hawai'i.

15. Defendant JON LOEHNDORF is a member of the HPPOA Board of Directors. LOEHNDORF resides at 15-2032 4th Avenue, Kea'au, Hawai'i.

16. Defendant DANIEL HARRIS is a member of the HPPOA Board of Directors. HARRIS resides at 15-1518 13th Avenue, Kea'au, Hawai'i.

17. Defendant BRENDAN FREITAS was a member of the HPPOA Board of Directors during all pertinent times. FREITAS resides at 15-2016 31st Avenue, Kea'au, Hawai'i;

18. DOES 1-20 are directors, officers, employees, agents, contractors, or volunteers of HPPOA who are currently unknown to Plaintiff.

## FACTUAL ALLEGATIONS

19. HPPOA is one of the largest homeowners' associations in the United States. It is comprised of over 8,000 lots and it collects over $3,000,000 in annual assessments from lot owners every year. It is located in Hawaiian Paradise Park in Kea'au, Hawaii County.

20. HPPOA has no written or established policy or procedures for making reasonable accommodations for lot owners and/or members who are hard of hearing or deaf.

COMPLAINT                                4

21. Plaintiff has moderate to profound hearing loss in both ears. She has undergone surgery on her right middle ear without improvement. Historically, Plaintiff's hearing loss has impacted her ability to communicate, comprehend and participate in social, professional, and community events. Plaintiff is a person with a disability as defined by the Act. 42 U.S.C. §3602(h).

22. Plaintiff purchased her property in 2019, but did not become involved in Homeowner Association affairs until 2023 when she learned of allegations of misappropriation of funds, violations of a deed, and improper adoption of HRS 421J by the Board of Directors. At that point, she began to attend Board meetings as well as Membership meetings.

23. On July 19, 2023, Plaintiff attended her first BOD meeting held in the HPPOA Community Center. Plaintiff was unable to hear what the Board of Directors were saying, and unable to hear comments from the audience. This caused plaintiff much frustration, embarrassment, humiliation, and depression about her disability.

24. On August 4, 2023, a small group of homeowners attended a Special Board Meeting with the Board of Directors in the library of the HPPOA office. The discussion involved the allegations of the Board of Director's misuse of HPPOA funds, violation of Bylaws, and violation of deeds on land granted to them. Plaintiff had great difficulty hearing what they BOD was saying or what members of the audience said. At that time, Plaintiff informed them that she planned to file a civil lawsuit against them for these issues. Plaintiff's lack of hearing everything that the Board and the attendees said caused plaintiff much frustration, embarrassment, and depression about her disability.

25. On August 16, 2023, Plaintiff attended a BOD meeting and was unable to hear what the BOD was saying or what the audience members were saying. This caused plaintiff much embarrassment, humiliation, frustration and depression.

COMPLAINT                                             5

26. On August 29, 2023, Plaintiff sent an email to the entire BOD notifying them that Plaintiff was disabled within the meaning of the Americans with Disabilities Act, that Plaintiff was hard of hearing, that Plaintiff could not hear the Board Meetings, and requesting accommodations.

27. On September 4, 2023, Defendant EGAN responded to the email, asking Plaintiff to explain the extent of her hearing disability. This was embarrassing and humiliating for plaintiff.

28. On September 4, 2023, Plaintiff informed EGAN that she had hearing loss in both ears, and requested Computer Aided Access Real-Time Translation (CART). EGAN responded that she would look into it. Plaintiff was hopeful at the response.

29. On September 20, 2023, Plaintiff served HPPOA, FINLEY and HOFFMAN with her state civil lawsuit for misappropriation of funds, violations of land deed, and improper resolution to become a HRS 421J homeowners association.

30. On September 20, 2023, Plaintiff attended a BOD via Zoom. Plaintiff was unable to decipher what was being said during the meeting, and the closed captioning made no sense. This caused plaintiff much frustration and anger.

31. On October 16, 2023, Plaintiff had emailed all Board of Directors on another issue. Defendant SCHILLEWEAERT inadvertently replied to all the other Board of Directors and said, "Like I'd believe a word that women (sic) said!" The fact that the Board of Directors was talking this way about plaintiff caused her anger, frustration, and humiliation.

32. On October 18, 2023, Plaintiff attended a BOD in person, and Plaintiff had much difficulty understanding what the BOD was saying, as well as what the audience was saying. This cause plaintiff intense anger, frustration, humiliation, and depression, particularly due to the fact that the Board was ignoring her requests for accommodations.

COMPLAINT                                             6

33. On December 7, 2023, Plaintiff emailed EGAN telling her that she was still unable to hear what was going on in Board meetings. In addition, the Zoom was no better and the closed captioning was nonsense. Plaintiff renewed her request for CART.

34. EGAN responded on December 7, 2023, saying that she did not know if CART was the solution, and that she had turned Plaintiff's request over to Larry Torres, HPPOA General Manager. Torres responded on December 8, 2023 saying he had reached out to CART providers and was waiting for their response.

35. On February 25, 2024, Plaintiff attended a Membership meeting where she had similar difficulty hearing what the BOD and the audience was saying. Defendant HOFFMAN, Board President, announced at the beginning and throughout the meeting that anyone that could not hear needed to raise their hands. This was embarrassing and humiliating to Plaintiff who would have been singled out if she kept raising her hand.

36. Plaintiff has had no contact from HPPOA, the BOD, or the General Manager regarding her request for accommodations under the FHA since December 8, 2023.

37. HPPOA continues to hold monthly BOD meetings and triannual Membership Meetings without providing Plaintiff reasonable accommodations or participating in the interactive process with Plaintiff. Both meetings involve discussions of important matters that relate to Plaintiff's property and enjoyment of her property. The Membership meetings permit Plaintiff to vote on some of the issues, but Plaintiff has difficulty hearing what she is voting on.

## CAUSE OF ACTION

### Against All Defendants and DOES 1 to 20 (inclusive)

38. Plaintiff re-alleges and incorporates by reference the allegations and facts set forth in the preceding paragraphs.

39. Hawaiian Paradise Park Owners Association (HPPOA), individual members of its Board of Directors (BOD), and DOES 1-10, discriminated, and continue to discriminate against Plaintiff, and other members similarly situated, through their practices of failing to provide reasonable accommodations for hard of hearing and deaf individuals during Board Meetings and Membership Meetings. This has limited Plaintiff's ability to participate in such meetings and interfered with her enjoyment of her home.

40. Defendants' failure to reasonably accommodate Plaintiff, and members similarly situated, violates the federal Fair Housing Act 42 U.S.C. §3601 *et seq.* (FHA).

41. Defendant EGAN actively participated in the violation of Plaintiff's rights by failing to participate in the interactive process and ignoring Plaintiff's request for accommodations.

42. Defendant SCHILLEWAERT actively participated in the violation of Plaintiff's rights by falsely instilling in the other Board Members that Plaintiff was a liar.

43. Defendant HOFFMAN actively participated in the violation of Plaintiff's rights by trying to require Plaintiff to disclose her disability to those present, and humiliate and embarrass herself by raising her hands at meetings when she could not hear.

44. Because each individual named and unnamed defendant herein was a member of the HPPOA Board during all discriminatory acts against Plaintiff, they discussed, voted, or otherwise condoned, acquiesced, or permitted the discrimination against Plaintiff under the FHA, and therefore were personally involved in each and every discriminatory act, and each individual named defendant intentionally discriminated against Plaintiff, in part in retaliation for her State civil lawsuit which was underway.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

COMPLAINT                                                             8

a. For general and special damages according to proof;

b. For exemplary (punitive) damages according to proof;

c. For reasonable attorneys' fees;

d. For costs of suit incurred;

e. For declaratory and injunctive relief;

f. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff demands trial of this matter by jury.

DATED: March 17, 2024

By: *[signature]*
Nicole Craig
In Pro Per

COMPLAINT                                    9